**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

J.S. HELD, LLC, *a Delaware limited liability company*, RICHARD AVELAR & ASSOCIATES, INC., *a California corporation*, and FINKEL LAW GROUP RC., *a California professional corporation*,

                *Plaintiffs*,

     -against-

Gloria Malesardi, *an individual*, I FIX THINGS LLC, *a California limited liability company*, and DOES 1-10,

                *Defendants*.

------------------------------------------------------------------X

**ORDER**
25-cv-04053 (RER) (JMW)

**WICKS,** Magistrate Judge:

On July 24, 2025, Defendant Gloria Malesardi ("Malesardi") filed a Notice of Removal to this Court. (*See generally*, ECF No. 1.) Malesardi states within the Notice of Removal, that there is diversity jurisdiction, and that removal is proper. (*Id.* at 2-3.) The Complaint was originally filed in the Superior Court of California, County of San Francisco, as Case No. CGC-25-624477. (*Id.* at 1.) At bottom, the case was improperly removed to this Court and must be transferred.

The relevant statute, namely 28 U.S.C. § 1441, provides that,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added).

First and foremost, the Court retains jurisdiction even in situations, like here, where removal is procedural improper and incorrect. *See Park v. McGowan,* No. 11-CV-3454 (JG)(CLP), 2011 WL 4963759, at *6–7 (E.D.N.Y. Oct. 19, 2011) (internal citations omitted) ("Improper venue does not affect a federal court's subject matter jurisdiction. Nothing in § 1441(a) would have deprived this Court of subject matter jurisdiction if Park had commenced this action here and, therefore, improper venue pursuant to § 1441(a) does not deprive this Court of jurisdiction on removal."); *see also In re Tafari*, No. 12-MC-0042 (GTS), 2019 WL 718555, at *2 (N.D.N.Y. Jan. 30, 2019) (collecting cases) ("While the removal would have been procedurally improper, it would not have deprived this Court of subject-matter jurisdiction.")

However, as the original case was brought in the Superior Court of California, County of San Francisco, the correct district within which this case should have been removed to is the Northern District of California. *See Jackson v. City of New York*, No. 07-CV-519 (ILG)(RER), 2007 WL 1871511, at *1 (E.D.N.Y. June 28, 2007) ("Plaintiff originally filed this case in New York County, which is in the Southern District of New York … Defendant, therefore, should have removed this case to the Southern District of New York"). Generally, "the remedy for an inappropriate removal under Section 1441(a) is transfer to the correct federal court." *ACD Direct, Inc. v. Pacifica Foundatoin, Inc.*, No. 24-CV-1040 (ARR) (MMH), 2024 WL 2001179, at *1 (E.D.N.Y. Apr. 16, 2024) (quoting *Moore v. Moore*, No. 23-CV-7334 (SJB), 2023 WL 7184053, at *2 (E.D.N.Y. Nov. 1, 2023)); *see also Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 441 (S.D.N.Y. 2022) (internal citations omitted) ("Removal of an action to an improper district is not a jurisdictional defect, but is akin to an improper venue situation. 'Improper venue does not affect a federal court's subject matter jurisdiction,' and '[a]n

2

improper designation of venue may be remedied by transferring the action to the proper district.'")

Therefore, since the District Court that embraces this matter is the Northern District of California and removal to the Eastern District of New York was improper, the Clerk of the Court is directed to transfer this action to the United States District Court, Northern District of California.

Dated: Central Islip, New York
July 28, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge